IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17–CR-30047-NJR |
| ) | |
| ) | |
| ALFRED L. CROSS, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendant's Objection to the Government's Notice of Intent to Impeach Defendant with Convictions More Than Ten Years Old (Doc. 87).

On January 12, 2018, the Government filed a notice pursuant to Federal Rule of Evidence 609(b)(2) advising Defendant Cross that it intends to impeach him with three prior federal convictions that are more than ten years old. Specifically, in the event that Defendant Cross exercises his right to testify at trial, the Government intends to impeach him with the following prior convictions: (1) August 21, 1980—United States District Court for the Central District of Illinois—Bank Larceny & Mail Fraud—Sentenced to 120 months in prison—Release Date: October 24, 1997; (2) November 7, 1991—United States District Court for the Western District of Tennessee—Bank Fraud—Sentenced to 24 months in prison—Release Date: October 1997; and (3) April 22, 1992—United States District Court for the Western District of Tennessee—False Declarations—Sentenced to 18 months in prison—Release Date: April 1999 (*See* Docs. 68 and 87). Defendant Cross

objects arguing that it is rare for impeachment evidence as old as that at issue here to be deemed admissible.

Federal Rule of Evidence 609(b) generally bars evidence of a criminal conviction "if more than 10 years have passed since the witness's conviction or release from confinement, whichever is later." FED. R. EVID. 609(b). Such evidence is only admissible if "its probative value, supported by specific facts and circumstances, *substantially outweighs* its prejudicial effect." FED. R. EVID. 609(b)(1) (emphasis added). "[T]he purpose of Rule 609 is to ensure that 'convictions over 10 years old will be admitted very rarely and only in exceptional circumstances.'" *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004) (quoting *United States v. Fallon*, 348 F.3d 248, 254 (7th Cir. 2003)). The Seventh Circuit will uphold a district court's decision to admit a conviction over ten years old, however, if "the record shows that the district court thoughtfully analyzed the facts and properly weighed the probative value of the evidence against its prejudicial effect." *Id.* (citing *Stutzman v. CRST, Inc.*, 997 F.2d 291, 299 (7th Cir. 1993)).

Courts are encouraged to consider the following factors when making a determination about the admissibility of this type of impeachment evidence: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004) (citing *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir. 1976)). It is within the discretion of the district court to decide whether to admit the evidence. *United States v. Hernandez*, 106

F.3d 737, 740 (7th Cir. 1997).

The Court agrees with the Government that the three prior convictions are probative evidence of Defendant Cross's credibility. All three convictions are particularly relevant to his penchant for honesty. Additionally, Defendant Cross's testimony will be important in this case, and his credibility will be the central issue if he elects to testify.

As to the second factor (the point in time of the conviction and the witness's subsequent history), an assumption that underlies the ten year limit is that a person's veracity will improve over time. *See United States v. Brown*, 603 F.2d 1022, 1029 (1st Cir. 1979) ("Moreover, the probability that appellant's character for veracity had improved since the time of the burglary convictions (an assumption that underlies the ten year limit) was negated by his more recent criminal activity."). This is not the case with Defendant Cross, who has a robust subsequent criminal history that reflects adversely on his honesty and integrity. Specifically, the Government cites to three theft charges to which Defendant Cross pleaded guilty, all within the last five years. This is not a case where the defendant had an isolated incident of deceitful criminal activity occurring approximately twenty years ago. Defendant Cross's record does not give the Court reason to believe that his character for veracity has improved over time.

As to the similarity between the past crime and the charged crimes, however, this factor only weighs in favor of admissibility as to the prior False Declarations conviction. The prior Bank Larceny and Mail Fraud and Bank Fraud convictions are similar to Defendant Cross's current charges of Bank Fraud. This weighs against admissibility due

to the danger of the jurors misusing this evidence for purposes other than impeachment. *See United States v. Shapiro*, 565 F.2d 479, 481 (7th Cir. 1977). The Government proposes, however, that it could limit reference to the fact that Defendant Cross was convicted of Mail Fraud, and refrain from referencing that Defendant Cross was also convicted of Bank Larceny. With regard to the prior Bank Fraud conviction, the Government proposes that it could mention only that Defendant Cross has another fraud conviction, without referencing the fact that the conviction was for Bank Fraud, specifically. The Court agrees that restricting the way in which these prior convictions are referred to will limit the danger that this factor seeks to protect against, so long as the parties are prohibited from inquiring into the details of the prior convictions.

Overall, the Court finds that the Government has highlighted exceptional circumstances that merit departing from the usual rule in this case. The Court concludes that the probative value of Defendant Cross's prior convictions for impeachment substantially outweighs the prejudicial effect of presenting the evidence to the jury. When that evidence is introduced, the Court will instruct the jury as to the limited purpose of the evidence.

For these reasons, Defendant Cross's Objection to the Government's Notice of Intent to Impeach Defendant with Convictions More Than Ten Years Old (Doc. 87) is **OVERRULED**.

**IT IS SO ORDERED.**

**DATED:** March 7, 2018

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL
United States District Judge**
