IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:17-CR-30047-NJR |
| ALFRED E. CROSS, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a *pro se* Motion for Reconsideration (Doc. 206) and a Supplement to that Motion (Doc. 207) filed by Defendant Alfred L. Cross. For the reasons set forth below, the Court denies the Motion.

### FACTUAL & PROCEDURAL BACKGROUND

Cross is currently serving a sentence of 78 months' imprisonment for multiple counts of bank fraud (Doc. 156). Cross filed a motion for compassionate release on June 25, 2020, arguing in the context of the Covid-19 pandemic his age and medical conditions constituted extraordinary and compelling reasons justifying his release (Doc. 198). The Court denied the motion, reviewing Cross's extensive criminal record, including his 16 prior convictions from between 1961 and 2017, as well his three pending cases, and concluded that despite his advanced age and infirm health, Cross continued to present a danger to the community due to his clear propensity for recidivism (Doc. 205).

## LEGAL STANDARD

A motion for reconsideration may be appropriate where the court has misunderstood a party, made a decision outside of the issues presented by the parties, made an error of apprehension, where a significant change in the law has occurred, or where significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

Under the First Step Act, inmates are authorized to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). A defendant may be eligible for compassionate release if the Court finds "extraordinary and compelling reasons" to warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). The Court also must find that the requested sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Congress has tasked the Sentencing Commission with compiling "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Commission has specified that certain circumstances surrounding the inmate's medical condition, age, and family situation will constitute extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13. The Sentencing Commission also gives the Director of the Federal Bureau of Prisons discretion to distinguish other grounds that could be extraordinary and compelling enough to merit a sentence reduction, either on their own or in combination with another listed condition. *See id.* at cmt. n.1(D).

If an inmate can show that one of the eligibility criteria is applicable, a court must then

assess whether a reduction would be appropriate under the statutory sentencing factors described in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13. Lastly, a court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

## ANALYSIS

In his 235-page *pro se* Motion and Supplement, Cross advances a number of facts that he feels are applicable to his Motion for Compassionate Release, pointing out that he is 77 years old rather than 74 years old as the Court stated in its prior order and noting that his wife and mother are 90 and 98 years old respectively. Facts like this might be relevant to establishing whether Cross satisfies one of the factual predicates for compassionate release, but they do not affect the Court's conclusion that Cross may present a danger to the community. To that end, Cross advances a number of arguments contesting the Court's conclusion that he may constitute a danger if released.

Cross compares himself to other criminals who have committed violent offenses but who are nevertheless released, arguing that they are more dangerous than he is. A finding that an inmate may present a danger to the community does not refer solely to the possibility of physical violence, but rather to the general prospect of harm. The financial crimes committed by Cross are harmful, regardless of Cross's own views of the banking industry, and his apparent inability to remain at liberty without committing further criminal acts indicates that his release would create a real danger to the community of fraudulent activity similar to the myriad offenses that Cross has already committed.

Cross further states that "you can't con/cheat an honest person[,]" apparently arguing

that the individuals that he defrauded were in some way complicit in his acts. Yet the relevant question is not whether the negligence of his victims contributed to the magnitude of his crimes, but rather whether Cross himself is sufficiently rehabilitated such that he is not likely to reoffend upon release. To that end, the fact that Cross refuses to take responsibility for his conduct and attempts to minimize the harm inflicted by his crimes indicates that he is not a good candidate for compassionate release.

Lastly, Cross makes a number of arguments about his conviction, arguing that there were flaws in his indictment and other deficiencies in his prosecution which should have resulted in the dismissal of his case. A motion for compassionate release is not intended to contest a conviction, however, and these arguments should have been advanced in his initial prosecution, upon appeal, or in a habeas action.

In sum, despite the voluminous filings Cross has presented, the Court is not inclined to change its view that Cross's past conduct and failure to take responsibility for his actions indicates that he would be likely to reoffend and would present a danger to the community if released.

## Conclusion

For these reasons, the Motion for Reconsideration (Doc. 206) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   December 8, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**